UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10576 |
| | ) | |
| Edmund W. Knetig | ) | Chapter 7 |
| Jennifer A. Knetig, | ) | |
| | ) | Judge Pat E. Morgenstern-Clarren |
| Debtors. | ) | |

---

**CENTENNIAL BANK'S MOTION TO DISMISS UNDER 11 U.S.C. § 707(a)**

---

Creditor Centennial Bank ("Movant"), by and through its undersigned counsel, hereby moves this Court for an Order dismissing the debtors' case under 11 U.S.C. § 707(a), for the reasons set forth more fully in the attached memorandum in support.

Respectfully submitted,

___/s/ Rachel L. Steinlage_____
Rachel L. Steinlage (0079450)
*rsteinlage@meyersroman.com*
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Telephone: 216-831-0042
Fax: 216-831-0542
*Attorney for Creditor, Centennial Bank*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10576 |
| | ) | |
| Edmund W. Knetig | ) | Chapter 7 |
| Jennifer A. Knetig, | ) | |
| | ) | Judge Pat E. Morgenstern-Clarren |
| Debtors. | ) | |

**MEMORANDUM IN SUPPORT OF CENTENNIAL BANK'S
MOTION TO DISMISS UNDER 11 U.S.C. § 707(a)**

Creditor Centennial Bank ("Movant"), by and through its undersigned counsel, hereby moves this Court for an Order dismissing the debtors' case under 11 U.S.C. § 707(a), for the reasons and authorities set forth below.

I.      **FACTS AND BACKGROUND INFORMATION**

Movant incorporates by reference the facts and procedural background contained in the Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. §707(a) after the Administration of Any Assets, filed August 2, 2016 as Doc. No. 53 (the "Trustee's Motion").

After the Trustee's Motion was filed, also on August 2, 2016, the Debtors filed amended schedules I and J as Doc. No. 55. The amended schedules appear to be as a result of the Debtors' separation, as shown by the Notice of Change of Address for Mr. Knetig filed the same date as Doc. No. 56. The amended schedules differ markedly from the original filings, as follows:

| | Original Schedules | Amended Schedules |
|---|---|---|
| Schedule I, Line 2
Gross Monthly Wages, Debtor 1 | $9,550.64 | $9,856.00 |
| Schedule I, Line 5a
Tax, Medicare, Social Security | $3,055.08 | $3,346.48 |

2

| | | |
|---|---|---|
| Schedule I, Line 8a<br>Net Income from rental property | $0 | ($4,317.00) |
| Schedule I, Line 8g<br>Pension or retirement income | $4,627.00 | $3,881.60 |
| Schedule J, Line 4c<br>Home maintenance, repair and upkeep | $0 | $500.00 |
| Schedule J, Line 6b<br>Water, sewer, garbage collection | $132.00 | $193.00 |
| Schedule J, Line 7<br>Food and housekeeping supplies | $820.00 | $2,245.00 |
| Schedule J, Line 8<br>Childcare and children's education costs | $1,150.00 | $1,200.00 |
| Schedule J, Line 9<br>Clothing, laundry and dry cleaning | $100.00 | $350.00 |
| Schedule J, Line 10<br>Personal care products and services | $150.00 | $0 |
| Schedule J, Line 12<br>Transportation | $400.00 | $450.00 |
| Schedule J, Line 16<br>Taxes | $0 | $100.00 |

These changes demonstrate a net decrease in income on Schedule I of $5,609.44, predominantly as a result of the addition of the Lines 4c and 8a (neither of which existed on the original filing). Presumably, the loss associated with Line 8a relates to the rental properties which the Debtors are surrendering. The addition of this expense is suspect, based on (a) the Debtors' Statement of Financial Affairs listing no payments to mortgagees for the rental properties in the 90 days before filing; (b) the Debtors' Statement of Intention indicating all

3

rental properties would be surrendered; and (c) the omission of this large figure from the original schedules, especially as no supporting information relating to loss is provided. Further, although Mr. Knetig shows a monthly income increase of $305.36, there is an increase in tax withheld of $291.40; an increase in net income of $13.96. Finally, the amended schedules indicate a decrease in pension/retirement income of $745.40, which is also unexplained.

In addition, several of the changes to Schedule J do not appear to be reasonable increases even in light of the separate household. In particular, there is a reported increase in "food and housekeeping supplies" of $1,425.00, although the same number of people are being supported. This amount does not reflect the cost of Mr. Knetig's rent, which is reported separately on Line 21. In addition, an increase of clothing, laundry and dry cleaning of $250.00 per month would not be a typical increase as a result of an additional household. Based on these items, the Debtors' income appears to be understated, and certain expenses appear to be inflated. Accordingly, the amended schedules do not demonstrate the Debtors' inability to repay their creditors.

## II.      LAW AND ARGUMENT

Movant incorporates by reference the law and argument contained in the Trustee's Motion, as though fully set forth herein. In addition, Movant does not oppose the request for dismissal only after administration of assets, so long as the administration is limited to those assets already recovered by the chapter 7 trustee.

At their First Meeting of Creditors, the Debtors testified that they filed this case as a result of the debt service relating to their rental properties, and that the entire balance of their unsecured debt is related to deficiencies on the notes for the purchase of the rental properties, estimated at approximately $58,000.00. They have not made a payment to Movant since January

4

8, 2016. At the time this case was filed, the Debtors had, and still have, monthly income in excess of $10,000 per month. They lived in a house with a mortgage note payment of over $2,200 per month, with a value of $367,500.00 (as reported on Schedule A). They have retirement savings of over $289,000.00, and their monthly expenses include (as amended) ongoing retirement contributions of $233.50 per month. They purchased a brand new 2016 Subaru Crosstrek, reported as having only 50 miles as of the petition date.

These are not needy Debtors. They have not changed their lifestyle, and have sufficient income to repay a portion of their unsecured debt. *See In re Kamen*, 231 B.R. 275, 278 (Bankr. N.D. Ohio). The totality of the circumstances indicates the Debtors did not file this case in good faith, or based upon need. The Debtors seek to maintain their lifestyle, at the expense of their creditors, demonstrating bad faith. Accordingly, this case should be dismissed under 11 U.S.C. § 707(a).

## III.   CONCLUSION

Based upon the foregoing, Movant respectfully requests that the Court dismiss the Debtors' case under 11 U.S.C. § 707(a), and grant such other and further relief as is just and fair.

Respectfully submitted,

*/s/ Rachel L. Steinlage*
Rachel L. Steinlage (0079450)
*rsteinlage@meyersroman.com*
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Telephone: 216-831-0042
Fax: 216-831-0542
*Attorney for Creditor, Centennial Bank*

5